**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

FOSE ESLAO BUECO RODRIGUEZ,

    Petitioner,

v.

                            Case No. 1:26-cv-02158-MIS-GJF

WARDEN, Torrance County Detention
Facility; MARKWAYNE MULLIN,
Secretary of the U.S. Department of
Homeland Security; ACTING DIRECTOR,
U.S. Immigration and Customs Enforcement
El Paso Field Office; and ACTING FIELD
OFFICE DIRECTOR, El Paso Field Office,
U.S. Immigration and Customs Enforcement,

    Respondents.

## <u>ORDER TO SHOW CAUSE AND ENJOINING TRANSFER</u>

This matter is before the Court on the Verified Petition for Writ of Habeas ("Petition"),
filed by Fose Eslao Bueco Rodriguez on June 10, 2026. ECF No. 2. The Clerk's Office served
Respondents with the Petition and added them as notice-recipients via CM/ECF, pursuant to this
District's Standing Order Regarding Service of Process in Immigration Habeas Petitions filed
Pursuant to 28 U.S.C. § 2241, Case 1:26-mc-00004, ECF No. 2 (D.N.M. Jan. 28, 2026). ECF No.
3.

Petitioner is an immigration detainee at the Torrance County Detention Center. Pet. ¶ 13,
ECF No. 1. Petitioner is a citizen of Guatemala, <u>id.</u> ¶ 13, who entered the United States without
inspection in or about 1999, <u>id.</u> ¶ 19. Petitioner has resided continuously in the United States since
1999 and has three U.S. citizen children. <u>Id.</u> ¶¶ 20-21.

In May 2026, Petitioner was taken into custody by ICE during a targeted enforcement
operation. <u>Id.</u> ¶ 23. On May 22, 2026, Petitioner was denied bond by an Immigration Judge (IJ)

because "Court lacks jurisdiction pursuant to Hurtado. Flight risk as he has failed to comply with the laws of the United States for 26 years. Speculative form of relief. No amount of bond can cure." Order of the IJ at 1, ECF No. 2-4. Petitioner argues the IJ did not make "an individualized finding, supported by evidence, that Petitioner presents a present danger to the community or a risk of flight that no condition of release could mitigate" but rather decided based on "the legal premise that [the IJ] lacked authority to grant bond at all." Pet. ¶ 29, ECF No. 2.

Petitioner now challenges his detention, arguing that because 8 U.S.C. § 1226, not 8 U.S.C. § 1225, applies to him, id. ¶ 41-48, and his Fifth Amendment Due Process rights have been violated, id. ¶¶ 49-57, he must be released, id. at 15. Alternatively, Petitioner seeks a bond hearing at which the Government bears the burden of proof. Id. at 15-16.

Having reviewed the record, the Petition may raise a colorable claim for relief. Within ten (10) business days of entry of this Order, the United States Attorney's Office ("USAO") shall respond to the Petition and show cause why the requested relief should not be granted. The USAO's answer MUST specify whether the Court has already ruled on the legal issue(s) in this case and, if so, whether the facts are distinguishable from prior rulings. See, e.g., Lopez-Romero v. Lyons, Case No. 2:25-cv-0113-MIS-JHR, 2026 WL 92873 (D.N.M. Jan. 13, 2026) (finding that 8 U.S.C. § 1226(a) governed the petitioner's detention and that his continued detention violated his Fifth Amendment due process rights). **If the federal Respondents fail to timely comply with this Order, the Court may grant the relief requested in the Petition without further notice.**

If Petitioner wishes to file a reply brief, she may do so within **ten (10) days** after Respondents' response is filed.

**IT IS FURTHER ORDERED** that to preserve the status quo in the interim, Respondents are **ENJOINED** from transferring Petitioner to any facility outside the District of New Mexico

and/or from removing her from the United States during the pendency of this habeas action, absent a final order of removal.

_____

**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE