**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

FOSE ESLAO BUECO RODRIGUEZ,

     Petitioner,

v.

WARDEN, Torrance County Detention
Center;    MARKWAYNE    MULLIN,
Secretary of the U.S. Department of
Homeland Security; ACTING DIRECTOR,
U.S. Immigration and Customs Enforcement;
TODD BLANCHE, Acting Attorney General
of the United States; and MARY DE ANDA-
YBARRA, El Paso Field Office Director of
Enforcement    and    Removal    Operations,
Immigration and Customs Enforcement,

     Respondents.

Case No. 1:26-cv-01868-MIS-GJF

## <u>ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS</u>

**THIS MATTER** is before the Court on Petitioner Fose Eslao Bueco Rodriguez's Verified

Petition for Writ of Habeas Corpus ("Petition"), ECF No. 2, filed June 9, 2026. Respondents

Markwayne Mullin, Acting Director, U.S. Immigration and Customs Enforcement, Todd Blanche,

and Mary De Anda-Ybarra ("Federal Respondents"),[1] filed a Response on July 17, 2026, ECF No.

6.

Petitioner is a citizen of Guatemala, Pet. ¶ 13, ECF No. 2, who entered the United States

without inspection in or about 1999, id. ¶ 19. Petitioner has resided continuously in the United

---

[1]    Respondent Warden, Torrance County Detention Center, did not file a response or otherwise appear in this case. It has become standard practice in these habeas cases for the warden of the relevant detention center to either appear and adopt the federal respondents' arguments, <u>see, e.g.</u>, <u>Intriago-Sedgwick v. Noem</u>, Case No. 1:25-cv-01065-MIS-LF, Notice of Joinder In USA Respondents' Forthcoming Claims and Defenses, ECF No. 11 (D.N.M. Dec. 3, 2025), or not appear at all, <u>see</u> <u>Francisco v. Dedos</u>, Case No. 1:25-cv-01229-MIS-GJF, Proposed Findings and Recommended Disposition at 8, ECF No. 53 (D.N.M. Jan. 20, 2026).

States since 1999 and has three U.S. citizen children. Id. ¶¶ 20-21. Petitioner's 2013 application for Deferred Action for Childhood Arrivals was denied in 2014. Id. ¶ 22.

In May 2026, Petitioner was taken into custody by ICE during a targeted enforcement operation. Id. ¶ 23. On May 22, 2026, Petitioner was denied bond by an Immigration Judge (IJ) because "Court lacks jurisdiction pursuant to Hurtado. Flight risk as he has failed to comply with the laws of the United States for 26 years. Speculative form of relief. No amount of bond can cure." Order of the IJ at 1, ECF No. 2-4. Petitioner argues the IJ did not make "an individualized finding, supported by evidence, that Petitioner presents a present danger to the community or a risk of flight that no condition of release could mitigate" but rather decided based on "the legal premise that [the IJ] lacked authority to grant bond at all." Pet. ¶ 29, ECF No. 2.

Petitioner challenges his detention, arguing that because 8 U.S.C. § 1226, not 8 U.S.C. § 1225, applies to him, id. ¶ 41-48, and his Fifth Amendment Due Process rights have been violated, id. ¶¶ 49-57, he must be released, id. at 15. Alternatively, Petitioner seeks a bond hearing at which the Government bears the burden of proof. Id. at 15-16.

Respondents argue for preservation purposes that Petitioner is an applicant for admission subject to mandatory detention under 8 U.S.C. § 1225(b)(2). Resp. at 2, ECF No. 6. Respondents acknowledge, however, "that the Tenth Circuit has ruled otherwise in Santillan Quiroz v. Mullin, and that its recent ruling is binding on this Court." Id. (citing ___ F.4th ___, No. 26-6019, 2026 WL 1876709 (10th Cir. June 30, 2026)) (footnote omitted). Respondents do not object to "another bond hearing" but do object to "immediate release." Id. at 2-3.

The Court finds this case falls under Santillan Quiroz. 2026 WL 1876709, *8. Section 1226(a) governs Petitioner's detention and he is entitled to habeas relief. The Court further finds

2

that Respondents failed to articulate a legitimate interest in Petitioner's continued detention and therefore orders his immediate release. See generally Resp., ECF No. 6.

The Court further orders that Petitioner shall not be re-detained without a pre-deprivation bond hearing before a neutral Immigration Judge pursuant to 8 U.S.C. § 1226(a), at which the Government must prove by clear and convincing evidence that Petitioner is a danger or flight risk. Finally, the Court retains jurisdiction to ensure compliance with its Order and to entertain any motions for attorneys' fees.

Accordingly, it is **HEREBY ORDERED** that:

1. Petitioner Fose Eslao Bueco Rodriguez's Petition for Writ of Habeas Corpus, ECF No. 2, is **GRANTED**;

2. Respondents are **ORDERED** to immediately release Petitioner from detention;

3. Respondents **SHALL NOT** re-detain Petitioner without a pre-deprivation hearing before a neutral Immigration Judge pursuant to 8 U.S.C. § 1226(a), at which the Government must prove by clear and convincing evidence that Petitioner is a danger or flight risk;

4. Respondents **SHALL** file a Notice of Compliance with this Order; and

5. The Court will separately enter Final Judgment in favor of Petitioner but retain jurisdiction over this matter to ensure compliance with this Order and to entertain any motions for attorneys' fees.

_____
**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE

3